# IN THE
# 𝕮𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘
## FOR THE FOURTH CIRCUIT

In re: BESTWALL, LLC
*Debtor*

---------------------------------------------------------------

PATRICIA BLAIR, as personal representative for the Estate of Lee Blair;
VIOLET BUTLER, as personal representative for the Estate of Ralph Butler; BETTY
JEAN CAMILLERI, as personal representative for the Estate of Terrence Camilleri;
CHERYL D. WOOTER, as personal representative for the Estate of William Cutler;
KIMBERLY PLANT, as special administrator of the Estate of Sheryl Evans; MARIA
FONS, as personal representative for the Estate of Miguel Fons; JOHN GUZMAN,
as personal representative of the Estate of Joe Guzman; CHRISTOPHER NELSON,
as personal representative for the Estate of Roger Nelson; MELISSA TAYLOR, as
personal representative for the Estate of Donald Taylor; THE LAW FIRM OF
MAUNE, RAICHLE, HARTLEY, FRENCH & MUDD, LLC,

*Appellants,*

v.

BESTWALL, LLC,
*Debtor - Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

## OPENING BRIEF OF APPELLANT

Thomas W. Waldrep, Jr.
Jennifer B. Lyday
Ciara L. Rogers
Natalia Talbot
Diana Johnson
WALDREP WALL BABCOCK & BAILEY PLLC
370 Knollwood St, Suite 600
Winston-Salem, NC 27103
336-717-1280
notice@waldrepwall.com

*Counsel for Appellants*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No.22-1981(L); 22-1984    Caption: Patricia Blair, et al. v. Bestwall, LLC

Pursuant to FRAP 26.1 and Local Rule 26.1,

Patricia Blair, et al. (See Attachment for Complete List of Appellants)
(name of party/amicus)

who is _____ Appellant _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.   Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2.   Does party/amicus have any parent corporations? ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☑YES ☐NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

 See Attached.

7. Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: s/ Thomas W. Waldrep, Jr.                    Date: _____9/30/2022_____

Counsel for: Patricia Blair, et al., Appellants

Print to PDF for Filing

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT
### No. 22-1981 (L); 22-1984

| | |
|---|---|
| **PATRICIA BLAIR, as personal representative for the estate of Lee Blair; VIOLET BUTLER, as personal representative for the estate of Ralph Butler; BETTYJEAN CAMILLERI, as personal representative for the estate of Terrence Camilleri; CHERYL D. WOOTER, as personal representative for the estate of William Cutler; KIMBERLY PLANT, as special administrator of the estate of Sheryl Evans; MARIA FONS, as personal representative for the estate of Miguel Fons; JOHN GUZMAN, as personal representative for the estate of Joe Guzman; CHRISTOPHER NELSON, as personal representative for the estate of Roger Nelson; AND MELISSA TAYLOR, as personal representative for the estate of Donald Taylor, Maune, Raichle, Hartley, French & Mudd, LLC,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Appellants,** | ) ) |
| **v.** | ) ) |
| **BESTWALL LLC,** | ) ) |
| **Appellees.** | ) |

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTTERN DISTRICT OF NORTH CAROLINA

## SUPPLEMENT TO DISCLOSURE STATEMENT

**WALDREP WALL BABCOCK
& BAILEY PLLC**

By: /s/ Thomas W. Waldrep, Jr.
Thomas W. Waldrep, Jr., NC State Bar No. 11135
Jennifer B. Lyday, NC Bar No. 39871
Ciara L. Rogers, NC State Bar No. 42571
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-717-1280
E-mail: notice@waldrepwall.com

*Counsel for the Appellants*

List of Appellants:
1. PATRICIA BLAIR, as personal representative for the estate of Lee Blair;
2. VIOLET BUTLER, as personal representative for the estate of Ralph Butler;
3. BETTYJEAN CAMILLERI, as personal representative for the estate of Terrence Camilleri;
4. CHERYL D. WOOTER, as personal representative for the estate of William Cutler;
5. KIMBERLY PLANT, as special administrator of the estate of Sheryl Evans;
6. MARIA FONS, as personal representative for the estate of Miguel Fons;
7. JOHN GUZMAN, as personal representative for the estate of Joe Guzman;
8. CHRISTOPHER NELSON, as personal representative for the estate of Roger Nelson;
9. MELISSA TAYLOR, as personal representative for the estate of Donald Taylor; and
10. Maune, Raichle, Hartley, French & Mudd, LLC.


Question #6 Response:
The future Claimants' Representative is Sander L. Esserman.

The members of any creditors' committee:
1. Paul Tice
   c/o Matthew Bergman
   Bergman Draper Oslund
   821 Second Avenue, Suite 2100
   Seattle, WA 98104

2. Steven J. Watts
   c/o Christian Hartley
   Maune Raichle Hartley French & Mudd, LLC
   300 W. Coleman Boulevard, Suite 200
   Mount Pleasant, SC 29464

3. Elizabeth Ann Harding, *as Special Administrator of the estate of Steven Lanphear, Dec.'d*
   c/o Beth A. Gori
   Gori Julian & Associates, PC
   156 North Main Street
   Edwardsville, IL 62025

4. Rick Benson
   c/o Andrew O'Brien
   O'Brien Law Firm, PC
   815 Geyer Avenue
   St. Louis, MO 63104

5. Nikol Chuidian, *as Special Administrator Cresante Perreras, Dec.'d*
   c/o Steven Kazan
   Kazan, McClain, Satterley & Greenwood, PLC
   55 Harrison Street, Suite 400
   Oakland, CA 94607

6. Rick Bengston
   c/o Michael Shepard
   Shepard Law
   160 Federal Street
   Boston, MA 02110

7. Barbara McAlpine, *Independent Administrator of the estate of Martin Edward McAlpine*
   c/o Maura Kolb
   The Lanier Law Firm
   6810 FM 1960 West
   Houston, TX 77069

8. Margaret U. Trumbull
   c/o Lisa Busch
   Weitz & Luxenberg, P.C.
   700 Broadway
   New York, NY 10003

9. Emma Pearl Dixon
   c/o Armand J. Volta, Jr.
   Law Offices of Peter G. Angelos, P.C.
   100 N. Charles Street, 22nd Floor
   Baltimore, MD 21201

10. Patricia Deetz, *Special Administrator of Dave Deetz, Dec'd*
   c/o John D. Cooney
   Cooney & Conway

120 N. LaSalle Street, 30th Floor
Chicago, IL 60602


Parent Corporations of Debtor:
Georgia-Pacific Equity Holdings LLC
Georgia-Pacific Holdings LLC
Koch Industries, Inc.
Koch Renewable Resources, LLC

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ iii

BASIS FOR APPELLATE JURISDICTION ............................................. 1

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ...............................2

STATEMENT OF THE CASE ...................................................................2

I.   Bankruptcy Proceedings Leading up to the Contempt and Sanctions Orders .............................................................................2

II.  The Appeals of the Contempt and Sanctions Order before the District Court ...................................................................................7

III. Additional Proceedings in the Bankruptcy Case Noted by the District Court ...................................................................................8

SUMMARY OF ARGUMENT .................................................................11

STANDARD OF REVIEW .......................................................................13

ARGUMENT .............................................................................................14

I.   The Contempt and Sanctions Orders are Final Orders for Purposes of Appeal under Controlling and Persuasive Authority ..........................................................................................14

     a.  The Finality Rules for Purposes of Appeal are "Different in Bankruptcy." .........................................................................14

     b.  The District Court Improperly Used the Finality Rule Applicable in Civil—not Bankruptcy—Contexts ...............................16

     c.  The District Court's Proposed Timeline for Finality is Clearly Erroneous .................................................................20

CONCLUSION ..........................................................................................21

REQUEST FOR ORAL ARGUMENT ....................................................................21

# TABLE OF AUTHORITIES

## Cases

A.H. Robins Co. v. Piccinin,
  788 F.2d 994 (4th Cir. 1986) ................................................................ 12, 15, 20

Ahmed v. United States,
  30 F.3d 514 (4th Cir. 1994) ................................................................................... 13

Bullard v. Blue Hills Bank,
  575 U.S. 496, 135 S. Ct. 1686, 191 L. Ed. 2d 621 (2015) .............. 12, 14, 15, 17

Columbia Gas Transmission Corp. v. Drain,
  237 F.3d 366 (4th Cir. 2001) ................................................................................ 13

Fox v. Capital Co.,
  299 U.S. 105 (1936) ............................................................................................. 16

Howard Delivery Service, Inc. v. Zurich American Ins. Co.,
  547 U.S. 651, 126 S. Ct. 2105, 165 L. Ed. 2d 110 (2006) .......................... 12, 15

In re Amatex Corp.,
  755 F.2d 1034 (3d Cir. 1985) .............................................................................. 20

In re Computer Learning Centers, Inc.,
  407 F.3d 656 (4th Cir. 2005) ......................................................................... 12, 15

In re Fatsis,
  405 B.R. 1 (B.A.P. 1st Cir. 2009) ....................................................................... 16

In re Nelson,
  No. BAP WW-15-1416, 2016 WL 7321196
  (B.A.P. 9th Cir. Dec. 15, 2016) ..................................................................... 15-16

In re Norrie,
  No. 2:13-BK-25751-BR, 2016 WL 6407839
  (B.A.P. 9th Cir. Oct. 26, 2016) .......................................................................... 18

In re Stasz,
  387 B.R. 271 (B.A.P. 9th Cir. 2008) ....................................................... 17, 18, 21

In re Wallace & Gale Co.,
  72 F.3d 21 (4th Cir. 1995) ..................................................................................... 1

In re Webb,
    472 B.R. 665 (B.A.P. 6th Cir. 2012) .................................................................. 15

Ortiz v. Mayorkas,
    No. 20-7028, 2022 WL 595147 (4th Cir. Feb. 28, 2022) ................................. 14

Richmond, Fredericksburg & Potomac R.R. v. United States,
    945 F.2d 765 (4th Cir. 1991), cert. denied, 503 U.S. 984,
    112 S. Ct. 1667, 118 L. Ed. 2d 388 (1992) ................................................. 13-14

Tillman v. Resolution Tr. Corp.,
    37 F.3d 1032 (4th Cir. 1994) ............................................................................ 13

United States v. George,
    971 F.2d 1113 (4th Cir. 1992) .......................................................................... 14

United States v. Myers,
    593 F.3d 338 (4th Cir. 2010) ............................................................................ 16

Velasco v. Gov't of Indon.,
    370 F.3d 392 (4th Cir. 2004) ............................................................................ 14

## Statutes

11 U.S.C. § 1291 ...................................................................................................... 14

28 U.S.C. § 158 ............................................................................................... 1, 3, 14

## Other Authorities

1 Collier on Bankruptcy (16th ed. 2014) ................................................................15

Fed. R. Bankr. P. 2004 ..................................................................... 3, 17, 18, 19

Fed. R. Bankr. P. 7062 ...................................................................................... 6

Fed. R. Bankr. P. 8025 ...................................................................................... 8

Fed. R. Bankr. P. 9006 ...................................................................................... 3

Fed. R. Bankr. P. 9014 .................................................................................. 7, 17

Fed. R. Bankr. P. 9016 ...................................................................................... 3

Fed. R. Bankr. P. 9020 ........................................................................... 7, 17, 18

Fed. R. Bankr. P. 9021 ..................................................................................... 17

Fed. R. Civ. P. 45 .......................................................................................... 3, 4

iv

Fed. R. Civ. P. 58 ................................................. 17

Fed. R. Civ. P. 62 ................................................. 6

## BASIS FOR APPELLATE JURISDICTION

This is an appeal from the final order of the United States District Court for the Western District of North Carolina (the "District Court") dismissing the appeals of two orders issued by the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court"), which orders held the Appellants in contempt and levied sanctions against them (the "Contempt and Sanctions Orders").[1] JA 1370-1379, JA 1518-1525. The District Court exercised appellate jurisdiction over that appeal pursuant to 28 U.S.C. § 158(a)(1).

Courts of appeals have jurisdiction under 28 U.S.C. § 158(d) over all "final decisions, judgments, orders, and decrees" of the district court. In re Wallace & Gale Co., 72 F.3d 21, 24 (4th Cir. 1995). Accordingly, this Court has jurisdiction over the appeal of the District Court's final orders, which were entered on August 31, 2022 in the matters captioned *Patricia Blair, et al. v. Bestwall, LLC*, Case No. 3:21-CV-503-RJC and *Patricia Blair, et al. v. Bestwall, LLC*, Case No. 3:21-CV-510-RJC. The Appellants filed timely notices of appeal on September 13, 2022. JA 3082-3087.

---

[1] For the sake of clarity, the appeals of the Contempt and Sanctions Orders were not consolidated before the District Court. However, as the appeals were closely related and arose out of the same proceedings before the Bankruptcy Court, the same briefing schedule was imposed in each appeal, and the same filings appear on each docket. The District Court Orders appealed from, dismissing those matters, are nearly identical in content. The same applies for the notices of appeals, briefs, motions, and other pleadings filed in each matter.

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

1. Whether the District Court erred in determining that the Contempt and Sanctions Orders were non-appealable, interlocutory orders, and that it therefore lacked jurisdiction over the Appellants' appeals from those Orders.

## STATEMENT OF THE CASE

This matter is before the Court on appeal from final orders issued by the District Court on August 31, 2022, which dismissed the Appellants' appeals of the Contempt and Sanctions Orders for lack of jurisdiction (the "Dismissal Orders").

### I. Bankruptcy Proceedings Leading up to the Contempt and Sanctions Orders.

On November 2, 2017, Bestwall, LLC ("Bestwall" or the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the matter captioned *In re Bestwall, LLC*, Case No. 3:17-bk-31795-LTB (the "Bankruptcy Case") in the Bankruptcy Court. JA 73-89.

On July 30, 2020, the Debtor filed its *Motion for Order Pursuant to Bankruptcy Rule 2004 Directing Submission of Personal Injury Questionnaires by Pending Mesothelioma Claimants* (the "PIQ Motion"). JA 187-212. By the PIQ Motion, the Debtor sought an order requiring all holders of asbestos-related mesothelioma claims arising on or before May 1, 2020 against former Georgia-Pacific or the Debtor to complete a personal injury questionnaire (the "PIQ") regarding the details of such claims and return such PIQ to the Debtor.

Multiple objections to the PIQ Motion were filed in the Bankruptcy Court, challenging the PIQ on jurisdictional grounds, among others. JA 251-500. However, the Bankruptcy Court entered the PIQ Order on March 23, 2021 over those objections. JA 788-838.

The PIQ Order, though explicitly issued under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), did not require the Debtor to serve its intended recipients with subpoenas under Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules").[2] Instead, the PIQ Order was sent by United States mail or by e-mail to dozens of law firms whose current clients—and in hundreds of cases, former clients—were among approximately 5,700 pending mesothelioma claimants that the Debtor had identified in its claims database, which does not comply with Civil Rule 45. JA 839-1001.

In early April 2021, multiple motions for leave to appeal the PIQ Order were filed and heard by the District Court. JA 1002-1028. On May 10, 2021, the District Court denied the motions for leave to appeal for lack of jurisdiction under 28 U.S.C. § 158(a)(3), holding that the PIQ Order was an interlocutory discovery order, and at the same time, affirming the PIQ Order (the "May 10 Order"). JA 1037-1046. The

---

[2] Bankruptcy Rule 2004(c) incorporates Bankruptcy Rule 9016 when compelling attendance of an entity for examination and the production of documents. F.R.B.P. 2004; F.R.B.P. 9016. Rule 9016 incorporates Civil Rule 45, requiring the issuance of a subpoena. F.R.B.P. 9006; F.R.C.P. 45.

District Court later reconsidered that ruling, and issued an order on November 2, 2021, clarifying that the May 10, 2021 Order "d[id] not affirm the PIQ Order[,]" and that the May 10 Order did not foreclose appeal of the PIQ Order "in connection with any final order." JA 3044.

On June 22, 2021, the individual appellants in this action (the "Illinois Individuals"), together with four other individuals, some of whom were represented by the firm of Maune, Raichle, Hartley, French & Mudd LLC ("MRHFM"), filed a complaint and a motion for preliminary injunction against enforcement of the PIQ Order in the United States District Court for the Southern District of Illinois against the Debtor, commencing Case No. 3:21-cv-00675-SMY (the "Illinois Lawsuit"). JA 3003-3022.

The Illinois Lawsuit was an action to quash the PIQ Order pursuant to Civil Rule 45, which is the mechanism for quashing or modifying a subpoena, on the bases that the PIQ Order (i) exceeded the scope of the Bankruptcy Rules and Civil Rules—including, inter alia, that a properly-served subpoena is required to compel responses to discovery from any persons that had not filed claims with the Bankruptcy Court; (ii) exceeded the jurisdictional authority of the Bankruptcy Court over the individual claimants, all of whom had not filed claims with the Bankruptcy Court and most of whom had made no appearance in the proceedings at all; and (iii) inappropriately

limited the pending mesothelioma claimants' rights to due process with respect to the traditional protections afforded in discovery.

In response, on June 23, 2021, the Debtor filed the Debtor's *Emergency Motion to Enforce PIQ Order and Automatic Stay* (the "Show Cause Motion"), which requested that the Bankruptcy Court require the Appellants, among others, to show cause as to why the Illinois Lawsuit was not a contemptuous violation of the PIQ Order. JA 1047-1119.

On July 9, 2021, the Bankruptcy Court granted the Show Cause Motion and scheduled a show cause hearing for July 22, 2021. JA 1170-1173. At that hearing, the Bankruptcy Court determined that the Appellants were in contempt of the PIQ Order. The Contempt Order was entered on August 18, 2022. JA 1370-1379.

On July 23, 2021, the Southern District of Illinois dismissed the Illinois Lawsuit for lack of jurisdiction, as no subpoena had been issued to any person or estate located in such district. JA 2625-2627.

On August 19, 2021, the Bankruptcy Court held a compliance hearing to determine whether the Appellants had purged their contempt and whether compensatory damages were warranted. At that hearing, the Debtor requested that the Bankruptcy Court sanction the Appellants in the aggregate amount of $420,675.99 for attorneys' fees and expenses that its counsel incurred for work

related to the Illinois Lawsuit and related contempt proceedings. Following an evidentiary hearing, the Bankruptcy Court took the matter under advisement.

On September 22, 2021, the Appellants filed their Notice of Appeal of the Contempt Order, commencing Case No. 3:22-CV-00503-RJC before the District Court. JA 16-30.

On September 23, 2021, the Bankruptcy Court issued the Sanctions Order, which directed the Appellants to pay counsel for the Debtor the sum of $402,817.70 (the "Sanctions") within 30 days. JA 1518-1525.

On September 24, 2021, the Appellants filed their Notice of Appeal of the Sanctions Order, commencing Case No. 3:22-CV-00510-RJC before the District Court. JA 31-43.

On October 1, 2021, the Appellants filed a motion with the Bankruptcy Court requesting a stay pending appeal of the Sanctions Order secured by a supersedeas bond pursuant to Bankruptcy Rule 7062 and Civil Rule 62. JA 1551-1568. The Bankruptcy Court granted that motion (the "Stay and Supersedeas Bond Order") on October 22, 2021, staying the Sanctions Order subject to the Appellants posting a supersedeas bond in the amount of $402,817.70, plus interest for one year at the federal judgment rate of 2.59%. JA 2667-2669.

On October 29, 2021, the Appellants and Travelers Casualty and Surety Company of America, as surety, posted a supersedeas bond in the amount of $413,250.68 (the "Supersedeas Bond"). JA 2670-2673.

## II. **The Appeals of the Contempt and Sanctions Order before the District Court.**

On November 8, 2021, the Debtor filed amended motions to dismiss (the "Amended Motions to Dismiss") with the District Court in the appeals of the Contempt and Sanctions Orders. JA 2974-3002. In those motions, the Debtor argued that the Contempt and Sanctions Orders were interlocutory and that the District Court therefore lacked jurisdiction over the appeals.

On November 22, 2021, the Appellants filed their principal briefs in the appeals.

On December 3, 2021, the Appellants filed their responses opposing the Amended Motions to Dismiss, asserting that the issuance of the Sanctions Order concluded the contested matter[3] to enforce the PIQ Order, rendering that proceeding "final" under the bankruptcy finality doctrines established by the United States Supreme Court (the "Supreme Court") and the United State Court of Appeals for the Fourth Circuit (the "Fourth Circuit").

On December 22, 2021, the Debtor filed its principal briefs in the appeals.

_____

[3] Pursuant to Bankruptcy Rule 9020, contempt proceedings are contested matters governed by Bankruptcy Rule 9014. F.R.B.P. 9020.

On August 31, 2022, the District Court entered the Dismissal Orders. JA 3055-3068. The District Court concluded that the Contempt and Sanctions Orders were interlocutory, subject to "ongoing" disputes, and may only become appealable "during plan confirmation or claim objections." JA 3060, JA 3066. The District Court also concluded that it "d[id] not find the [Appellants] to be disinterested non-parties to the bankruptcy case." JA 3059, JA 3066. Pursuant to Bankruptcy Rule 8025(a), the Dismissal Orders were automatically stayed for fourteen days.

On September 13, 2022, the Appellants filed a motion for stay of the Sanctions Order pending appeal of the Dismissal Orders (the "District Court Stay Motion"). JA 3069-3081. On September 26, 2022, the Debtor filed its opposition to the District Court Stay Motion. As of the date of this filing, the District Court has not ruled on that motion.

### III.   Additional Proceedings in the Bankruptcy Case Noted by the District Court.

The Dismissal Orders refer to "two additional appeals related to enforcement of the PIQ Order" that were filed subsequent to the appeals of the Contempt and Sanctions Orders. JA 3060, JA 3067. Those appeals were captioned *Claimants Listed in Exhibit B* v. Bestwall, LLC, Case No. 3:2022-CV-00119-RJC, and *Daniel J. Bloom, Esq. et al. v. Bestwall, LLC*, Case No. 3:22-CV-196-RJC, and were consolidated into one matter by Order of the District Court on May 13, 2022 (the "Second Appeal"). In light of the District Court's reliance on the Second Appeal as

a reason to dismiss the appeals of the Contempt and Sanctions Orders, the Appellants have provided a brief summary of the bankruptcy proceedings leading to the Second Appeal.

On September 8, 2021, the Debtor filed a motion to enforce the PIQ Order in the Bankruptcy Court, which sought to compel compliance with the PIQ Order against hundreds of potential claimants that did not return, objected to, or did not complete the PIQ. JA 1380-1507. Though many potential claimants objected to this motion on the basis that the Bankruptcy Court lacked jurisdiction over them, the Bankruptcy Court granted the Debtor's motion, and entered an order enforcing the PIQ (the "PIQ Enforcement Order") on October 14, 2021. JA 1569-1572.

On November 10, 2021, the Debtor filed a supplemental motion to enforce the PIQ Order, which motion the Bankruptcy Court granted on January 20, 2022. JA 2674-2799. On February 10, 2022, the Bankruptcy Court entered an Order finding hundreds of potential claimants in contempt of court for failing to comply with the PIQ Order (the "Second Contempt Order"). JA 2800-2843. On March 17, 2022, hundreds of potential claimants filed a notice of appeal of the Second Contempt Order, thus initiating the Second Appeal. JA 2844-2907.

At a hearing on April 6, 2022, the Bankruptcy Court sanctioned approximately 500 potential claimants for failing to comply with the PIQ Order by imposing a daily fine against each of them in the amount of $100.00 (the "Daily Fine"). The Order

imposing the Daily Fine was issued on April 25, 2022 (the "Second Sanctions Order"). JA 2908-2927.

On May 3, 2022, several of the potential claimants subject to the Daily Fine filed a notice of appeal of the Second Sanctions Order. JA 2928-2953.

On May 18, 2022, a status hearing was held before the Bankruptcy Court, where some of the potential claimants subject to the Daily Fine argued, among other issues, that the Bankruptcy Court should terminate the Daily Fine since eighty-one percent (81%) of pending mesothelioma claimants who were required to complete a PIQ had complied with the PIQ Order as of that date.

On June 9, 2022, the District Court stayed the Second Appeal upon joint motion of the parties in that matter, pending further proceedings in the Bankruptcy Court regarding the Daily Fine.

On June 23, 2022, the Bankruptcy Court ruled from the bench, inter alia, that the Daily Fine would be terminated as of May 18, 2022. The written order memorializing that oral ruling was entered on August 8, 2022 (the "Termination Order"). JA 2954-2973. The Termination Order was not appealed. As of the date of this filing, there have been no further proceedings related to the Termination Order before the Bankruptcy Court. Additionally, as of the date of this filing, there have been no further contempt proceedings related to compliance with the PIQ Order.

On August 25, 2022, the District Court lifted the stay order in the Second Appeal and entered a briefing schedule for filing of principal briefs. On September 9, 2022, the appellants in the Second Appeal filed their principal brief, and the Debtor filed a motion to dismiss the Second Appeal that same day.

On September 26, 2022, the District Court stayed the Debtor's deadline to file its appellate brief pending resolution of the Debtor's motion to dismiss the Second Appeal.

On September 23, 2022, the appellants responded to the Debtor's motion to dismiss the Second Appeal, and the Debtor filed a reply on October 7, 2022. As of the date of this filing, the District Court has not issued a ruling on that motion.

## SUMMARY OF ARGUMENT

This Court should reverse the District Court's conclusion that the Contempt and Sanctions Orders were interlocutory. The District Court improperly determined that the Contempt and Sanctions Orders were not final, immediately appealable orders because they (i) "related purely to an interlocutory discovery order for which disputes remain ongoing" and because (ii) "they otherwise would not be immediately appealable in the Fourth Circuit." JA 3059, JA 3066. The Dismissal Orders should be reversed for the following reasons:

First, the District Court improperly applied the finality rule that pertains to contempt orders in the context of *civil* litigation—not in the context of a bankruptcy

appeal—to evaluate the finality of the Contempt and Sanctions Orders. "[O]rders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." Bullard v. Blue Hills Bank, 575 U.S. 496, 501–02, 135 S. Ct. 1686, 1692, 191 L. Ed. 2d 621 (2015) (quoting Howard Delivery Service, Inc. v. Zurich American Ins. Co., 547 U.S. 651, 657, n. 3, 126 S.Ct. 2105, 165 L.Ed.2d 110 (2006)). Thus, the concept of finality in bankruptcy cases is applied "in a more pragmatic and less technical way ... than in other situations." In re Computer Learning Centers, Inc., 407 F.3d 656, 660 (4th Cir. 2005) (quoting, in part, A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir. 1986).

Though the District Court correctly recognized that "the approach in bankruptcy cases is slightly different than typical civil litigation," it incorrectly applied the finality rule applicable in the civil litigation context to its consideration of the Contempt and Sanctions Orders. JA 3059, JA 3066. Had the District Court conducted the correct analysis, it would have determithe approachned that the Contempt and Sanctions Orders were final, immediately appealable orders because they fully disposed of discrete disputes in the underlying Bankruptcy Case related to the PIQ Order.

Second, the District Court's factual findings that "the disputes related to the PIQ Order are numerous, significant, and ongoing" were clearly erroneous: by the date the Dismissal Orders were entered, all disputes related to the PIQ Order had been fully resolved. Indeed, the Bankruptcy Court's Termination Order, which

concluded the enforcement litigation related to the PIQ Order, was entered on August 8, 2022, three weeks prior to the entry of the Dismissal Orders. JA 2954-2973.

Third, the District Court's finding that the Appellants "should have other opportunities to appeal the Orders, for example, during plan confirmation or claim objections" was incorrect. JA 3060, JA 3066. As explained below, this proposed timeline for appellate review cannot be squared with Fourth Circuit authority regarding finality in the bankruptcy context. It is also impracticable in the context of the underlying Bankruptcy Case, for which plan confirmation and/or claim objections proceedings may take several years.

For these reasons, as discussed in detail below, the District Court's factual findings with respect to jurisdiction were clearly erroneous, and its determination that the Contempt and Sanctions Orders were interlocutory orders was improper. Accordingly, the Dismissal Orders must be reversed.

## STANDARD OF REVIEW

The Court of Appeals reviews a district court's grant of a motion to dismiss for lack of subject matter jurisdiction de novo. Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369 (4th Cir. 2001) (citing Ahmed v. United States, 30 F.3d 514, 516 (4th Cir.1994); see Tillman v. Resol. Tr. Corp., 37 F.3d 1032, 1034 (4th Cir. 1994) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States,

945 F.2d 765, 768–69 (4th Cir. 1991), cert. denied, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). "By definition, de novo review entails consideration of an issue as if it had not been decided previously." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992), as amended (Aug. 12, 1992).

The Court "review[s] the district court's factual findings with respect to jurisdiction for clear error and the legal conclusion that flows therefrom de novo." Ortiz v. Mayorkas, No. 20-7028, 2022 WL 595147, at *2 (4th Cir. Feb. 28, 2022) (citing Velasco v. Gov't of Indon., 370 F.3d 392, 398 (4th Cir. 2004)).

## ARGUMENT

### I. The Contempt and Sanctions Orders are Final Orders for Purposes of Appeal under Controlling and Persuasive Authority.

#### a. The Finality Rules for Purposes of Appeal are "Different in Bankruptcy."

The District Court improperly applied the finality rule in the context of civil litigation—not bankruptcy cases—to the appeal of the Contempt and Sanctions Orders. Vitally, the Supreme Court has provided explicit guidance regarding the application of the finality rule in the bankruptcy context in Bullard v. Blue Hills Bank, 575 U.S. 496, 501–02, 135 S. Ct. 1686, 1692, 191 L. Ed. 2d 621 (2015). In that matter, the Supreme Court acknowledged that the rules surrounding finality for purposes of appeal under Section 158 are "different in bankruptcy" than those under 11 U.S.C. § 1291, which affords the appellate courts the jurisdiction to hear final

decisions of the district courts.  Id. at 501.  This is because "[a] bankruptcy case involves an 'aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." Id. (quoting, in part, 1 Collier on Bankruptcy ¶ 5.08[1][b], p. 5–42 (16th ed. 2014)).  The Supreme Court also affirmed that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." Id. (quoting Howard Delivery Service, Inc. v. Zurich American Ins. Co., 547 U.S. 651, 657, n. 3, 126 S.Ct. 2105, 165 L.Ed.2d 110 (2006)).

Even before Bullard, the Fourth Circuit has applied the concept of finality in bankruptcy cases "in a more pragmatic and less technical way ... than in other situations." See Computer Learning Centers, 407 F.3d 656, 660 (4th Cir. 2005) (quoting, in part, A.H. Robins Co., 788 F.2d 994, 1009 (4th Cir. 1986) (discussing the "traditional rule of more liberal construction of finality as applied to appeals in bankruptcy cases … in which a functional and practical application is to be the rule")).

Moreover, authorities from several circuits support the finality of contempt and sanctions orders in the bankruptcy context. See, e.g., In re Webb, 472 B.R. 665, 670 (B.A.P. 6th Cir. 2012) (bankruptcy court's sanctions order "completely resolved the contempt issues between the parties and made the order of contempt, as well as the imposition of sanctions, final and appealable") (citing cases); In re Nelson, No.

BAP WW-15-1416, 2016 WL 7321196, at *7 (B.A.P. 9th Cir. Dec. 15, 2016) (finding that "the contempt order became final … when the bankruptcy court entered the judgment and order on sanctions, and … appeal from that order was timely" because together, the orders resolved discrete disputes between the parties); <u>In re Fatsis</u>, 405 B.R. 1, 6 (B.A.P. 1st Cir. 2009) (finding that the contempt and sanctions order that was entered in a contested matter was final for purposes of appeal).

### b. __The District Court Improperly Used the Finality Rule Applicable in Civil—not Bankruptcy—Contexts.__

The District Court improperly applied the finality rule in the context of <u>civil litigation</u> to the Contempt and Sanctions Orders, and incorrectly concluded that those Orders are interlocutory because "they <u>otherwise</u> would not be immediately appealable in the Fourth Circuit." JA 3059, JA 3066 (emphasis added). The District Court pointed to the Fourth Circuit's rule, applicable in the civil context, that "a <u>party to litigation</u> may not immediately appeal a civil-contempt order." (citing <u>U.S. v. Myers</u>, 593 F.3d 338, 344 (4th Cir. 2010) and <u>Fox v. Capital Co.</u>, 299 U.S. 105, 107 (1936)) (emphasis added). The District Court then concluded that the Appellants "should have other opportunities to appeal the Orders … during plan confirmation or claim objections, which result the Court again does not find significantly different than typical <u>civil litigation</u>." JA 3060, JA 3066 (emphasis added).

The District Court's application of the <u>Myers</u> and <u>Capital Co.</u> finality rule to the Contempt and Sanctions Orders was plainly improper in light of the finality rule

articulated by the Supreme Court in <u>Bullard</u>, which applies in bankruptcy contexts. Under the <u>Bullard</u> finality rule, the Contempt and Sanctions Orders are indisputably final, immediately appealable orders: together, the Orders "finally dispose[d] of discrete disputes within the larger case." 575 U.S. at 501. Specifically, the Orders resolved discrete disputes regarding (1) whether the Appellants violated the PIQ Order by filing the Illinois Lawsuit and (2) whether sanctions were warranted, and if so, the amount thereof, as recompense for the Debtor's attorneys' fees and expenses incurred to litigate the contempt proceedings. There is nothing left to litigate concerning those proceedings, and no further involvement from the Bankruptcy Court is required.

In a case with notable similarities to this matter, <u>In re Stasz</u>, the Ninth Circuit B.A.P. examined the finality of a civil contempt order entered against a debtor who had violated the bankruptcy court's order for examination under Bankruptcy Rule 2004. <u>In re Stasz</u>, 387 B.R. 271, 272 (B.A.P. 9th Cir. 2008). The B.A.P. ultimately held that the contempt order was final for purposes of appeal, explaining that:

> Rule 9020 provides that motions for contempt in bankruptcy cases are contested matters governed by Rule 9014. In this case, the contested matter alleging Debtor's contempt was the only matter before the court. The order entered resolving a contested matter has the status of a judgment under Federal Rule of Civil Procedure 58. Fed.R.Civ.P. 58, incorporated by Fed. R. Bankr.P. 9021. It follows that the court's award of sanctions was a final order that ended the particular contested matter. If the award of sanctions were not appealable now, it is unclear when the order would become final and appealable. Unlike an adversary

proceeding or a civil action outside bankruptcy, the culmination of the bankruptcy case does not result in a final judgment.

Stasz, 387 B.R. at 275–76.

Following Stasz, the B.A.P. heard another case similar to this matter in which a debtor had violated the bankruptcy court's Bankruptcy Rule 2004 orders requiring examination and the production of documents. In re Norrie, No. 2:13-BK-25751-BR, 2016 WL 6407839 (B.A.P. 9th Cir. Oct. 26, 2016). The B.A.P. explained, once again, that although "[c]ivil contempt orders typically are considered interlocutory—not final—until the conclusion of the underlying litigation . . . when a civil contempt order is entered as a stand-alone matter and not as part of another pending adversary proceeding or contested matter, then the contempt order ordinarily is treated as final upon entry." In re Norrie, 2016 WL 6407839, at *7. The B.A.P. determined that, because "discovery conducted under Rule 2004 is a stand-alone matter[,]" the contempt orders entered against the debtor were final and appealable. Id.

The facts of Stasz and Norrie square cleanly with the facts of this matter, and as persuasive authority, they should guide the Court's decision in these circumstances. Though the District Court recognized the outcomes in Stasz and Norrie in its Dismissal Orders, it ultimately declined to follow them, explaining:

> The court's reliance on Rule 9020 in Stasz, is also insufficient to conclude the Orders are final here. Rule 9020 essentially makes a contempt motion a contested matter. But, as the Supreme Court in Bullard noted, the number of contested matters or discrete disputes in bankruptcy cases is endless (i.e. motions for extension of time) such

that an order in each contested matter is not a per se final order. Indeed, as noted, in the Debtor's bankruptcy case, the disputes related to the PIQ Order are numerous, significant, and ongoing.

JA 3060, JA 3067.

The District Court's reasoning is flawed. Here, like in Stasz, the PIQ Order was a discovery order issued pursuant to Bankruptcy Rule 2004—a stand-alone discovery matter, and not a contested matter. The Contempt and Sanctions Orders are "stand-alone" matters regarding the enforcement of the PIQ Order. These orders were not entered in a pre-existing contested matter or adversary proceeding. The contempt proceedings related to the Illinois Lawsuit concluded with the entry of the Contempt and Sanctions Orders. Again, there is nothing left to litigate concerning those proceedings, and no further action from the Bankruptcy Court is required.

Moreover, the District Court's findings that the disputes related to the PIQ Order are "ongoing" were clearly erroneous. Though there were subsequent contempt proceedings in the Bankruptcy Case (as described in the Statement of the Case), those proceedings were fully resolved by the Termination Order, which was issued on August 8, 2022, three weeks prior to the entry of the Dismissal Orders. JA 2954-2973. The Termination Order was not appealed, and there have been no further proceedings related to that order before the Bankruptcy Court. Significantly, there have been no additional contempt proceedings related to compliance with the PIQ

Order since the Termination Order was entered. In other words, the enforcement litigation related to the PIQ Order has concluded.

**c. The District Court's Proposed Timeline for Finality is Clearly Erroneous.**

In the Dismissal Orders, the District Court proposed that those contempt and sanctions proceedings may only become appealable after the Debtor confirms a plan or objects to yet-unasserted claims (correctly noting, however, that it "may be years before proofs of claims are filed"). JA 3059, JA 3066. The District Court's proposed timeline for when the Contempt and Sanctions Orders may become final for purposes of appeal is impracticable and cannot be squared with Fourth Circuit case law on bankruptcy finality.

> Bankruptcy cases frequently involve protracted proceedings with many parties participating. To avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory.

A.H. Robins Co., 788 F.2d, at 1009 (citing In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir. 1985)) (emphasis added).

As noted by the Fourth Circuit, delaying appellate review of the Contempt and Sanctions Order until the claims objection process or after plan confirmation— which proceedings may be years from now—will lead to the unnecessary expenditure of time and resources of the Debtor, Appellants, and the judiciary in litigating a discrete dispute that has aged considerably in the interim. Such an

approach is also unduly prejudicial and burdensome to the Appellants, as delaying appellate review will inevitably moot the bases of the Appellants' appeal of the Contempt and Sanctions Orders, which involve personal jurisdiction arguments concerning the PIQ Order and subsequent enforcement actions. Accordingly, the District Court's proposal that the Contempt and Sanctions Orders may become final after plan confirmation or during claim objections is clearly erroneous. Quite simply put, if the Contempt and Sanctions Orders are not appealable now, "it is unclear when the order[s] would become final and appealable." Stasz, 387 B.R. at 276 (emphasis added).

For these reasons, the Contempt and Sanctions Orders are final and immediately appealable orders, and the Dismissal Orders must be reversed.

## CONCLUSION

Based on the foregoing, the District Court's order dismissing the Appellants' appeal of the Bankruptcy Court's Contempt and Sanctions Orders should be reversed, and the matter remanded to the District Court.

## REQUEST FOR ORAL ARGUMENT

The Appellants request an opportunity for oral argument. The Appellants respectfully submit that oral argument would assist the Court regarding the application of the finality rule to contempt orders in the bankruptcy context. The

issue raised in this appeal has serious implications for debtors, potential creditors, and other parties in interest in Chapter 11 mass tort bankruptcy cases.

Respectfully submitted, this the 8th day of November, 2022.

**WALDREP WALL BABCOCK
& BAILEY PLLC**

By: /s/ Thomas W. Waldrep, Jr.
Thomas W. Waldrep, Jr. NC State Bar No. 11135
Jennifer B. Lyday, NC Bar No. 39871
Ciara L. Rogers, NC State Bar No. 42571
Natalia Talbot, NC State Bar No. 55328
Diana Johnson, NC State Bar No. 40050
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-717-1280
E-mail: notice@waldrepwall.com

*Counsel for the Appellants*